Nathan R. Starnes ISB #7484
LITSTER FROST INJURY LAWYERS
3501 W. Elder Street, Suite 208
Boise, Idaho 83705
Telephone: (208) 489-6400
Facsimile: (208) 489-6404
Email: Nathan@litsterfrost.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT GODSILL, individually;<br><br>Plaintiff,<br><br>vs.<br><br>AMERICOLD REALTY TRUST, an Oregon Corporation; and AMERICOLD LOGISTICS, LLC, a Delaware Limited Liability Company;<br><br>Defendants. | Case No. 1:18-cv-93<br><br>COMPLAINT AND DEMAND FOR JURY |

COMES NOW the Plaintiff, Robert Godsill, by and through Plaintiff's attorney of record,

Nathan R. Starnes, and complains and alleges against Defendant as follows:

## PARTIES

1.  Plaintiff Robert Godsill (hereinafter "Plaintiff") resides in the City of Caldwell,

County of Ada, and State of Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL – 1**

2. Defendant, Americold Realty Trust is an Oregon corporation. Upon information and belief, Americold Realty Trust is the successor corporation to Americold Corporation.

3. Defendant, Americold Logistics, LLC, at all times herein mentioned, has been, and presently is, a Delaware limited liability company organized under the law of the State of Delaware and authorized to transact business in the State of Idaho.

4. Americold Realty and Americold Logistics, LLC shall hereinafter be collectively referred to as "Americold" or "Defendant."

## JURISDICTION AND VENUE

5. This court has jurisdiction over Plaintiff's federal claims where Americold violated Plaintiff Holt's Constitutional rights pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this matter pursuant to either 28 U.S.C. § 1343 or 28 U.S.C. § 1331.

6. This court has jurisdiction over the Plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both federal and state law claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

7. The employment practices alleged herein were committed in the District of Idaho, County of Ada and damages exceed $75,000.

8. Venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(b) and District Local Rule Civ 3.1.

## CONDITIONS PRECEDENT

9. On December 21, 2017, Plaintiff notified the Idaho Human Right Commission (IHRC) of the wrongful discharge, discrimination, and retaliation discussed below.

10. After an investigation, the IRHC, on January 19, 2018, **found probable cause** to believe that illegal discrimination occurred and issued a Notice of Right to Sue pursuant to *Idaho Code* § 67-5908(2).

## FACTS

11. Plaintiff restates herein the allegations contained in paragraphs 1 through 10, above.

12. Plaintiff, beginning on June 5, 2012, began working for Americold, a cold storage facility, as a fork lift operator.

13. On or about March 28, 2016, Robert Godsill, hereinafter "Plaintiff," suffered an industrial accident arising out of and in the course of his employment with Americold.

14. After receiving three weeks leave, Plaintiff was assigned a light duty work position at Americold to accommodate his injury. Soon thereafter, Plaintiff returned to his prior position as forklift operator. This position routinely involved lifting, carrying, and pushing/pulling sixty pounds or more around Defendant's facility.

15. Due to his injury, Plaintiff was referred to Clark Robinson, M.D. Dr. Robinson eventually gave Plaintiff an impairment rating of 15% upper extremity and also imposed a restriction of no lifting, pushing or pulling more than 5 pounds with the left hand.

16. Rather than pursuing litigation, Plaintiff Godsill and Americold entered into a Workman's Compensation settlement agreement on January 12, 2017.

17. During the week of April 9-16, Plaintiff's attorney spoke with Defendant's counsel, Eric Bailey, offering Plaintiff a couple hundred dollars to sign a general employment release in exchange for resolving the worker's compensation claim. Bailey stated that if he did not sign the employment release, Americold would find a way to get rid of Plaintiff in some

other way. Thus, he should try to get a few hundred dollars out of the ordeal and find new employment.

18. Plaintiff refused to sign the general employment release proposed by Americold, believing such a release was improper and coerced.

19. During a meeting with Plaintiff during the week of April 9-16, Plaintiff's supervisor and HR director confirmed Plaintiff was being terminated **because** he had filed a worker's compensation claim.

20. On April 15, Plaintiff was given a letter stating "your employment with Americold is terminated effective April 17, 2017 **due** to the Worker's Compensation settlement." (Emphasis added).

21. On April 17, Plaintiff was discharged by Americold.

22. At the time of discharge, upon information and belief, Americold had multiple openings on light duty, in office, and inventory control positions that would not interfere with Plaintiff's five-pound weight restriction, which could reasonably accommodate Plaintiff's disability.

## COUNT I
### (WRONGFUL DISCHARGE AND RETALIATION)

23. Plaintiff restates herein the allegations contained in paragraphs 1 through 22, above.

24. Americold's actions in terminating the Plaintiff's exercising a lawful right and availing himself to the protections of the worker's compensation act.

25. The Plaintiff has therefore been wrongfully terminated by Americold in contravention of the public policy of the state of Idaho and the laws thereof.

26. Defendants impermissibly retaliated against Plaintiff for availing himself to the statutory rights of the worker's compensation act.

27. As a result of the wrongful termination above, Plaintiff Godsill has incurred special damages and general damages in an amount to be proven at trial.

## COUNT II
### (UNLAWFUL DISCRIMINATION IN VIOLATION OF THE IRHA – I.C. § 67-5909)

28. Plaintiff restates herein the allegations contained in paragraphs 1 through 27, above.

29. At the time of the termination of his employment, Plaintiff Godsill was a qualified individual with a disability. He has the requisite skills, experience and other job-related requirements for other available positions at Americold, with or without reasonable accommodation, and he was able to perform the essential functions of these available positions.

30. Plaintiff was working at Americold at the time of his discharge.

31. Americold unlawfully discriminated against Plaintiff Godsill by, *inter alia*, failing or refusing to hire, discharge, or otherwise discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment.

32. As a result of the unlawful discrimination above, Plaintiff Godsill has incurred special damages and general damages in an amount to be proven at trial.

## COUNT III
### (Negligent Infliction of Emotional Distress)

33. Plaintiff restates herein the allegations contained in paragraphs 1 through 32, above.

34. Americold's conduct toward Plaintiff Godsill was negligent. The Defendant negligently permitted, endorsed, and participated in extreme and outrageous conduct which caused Plaintiff severe emotional distress.

35. As a direct and proximate cause of Americold's conduct towards Plaintiff, Mr. Godsill has suffered severe emotional distress resulting in a physical manifestation of injuries, including physical manifestations of emotional distress, for which Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT IV
### (Negligent Supervision, Training and Retention of Employees)

36. Plaintiff restates herein the allegations contained in paragraphs 1 through 35, above.

37. As Plaintiff's employers, Americold has a duty to prevent unlawful discrimination and/or retaliation in the workplace.

38. Americold breached its duty by, *inter alia*, negligently permitting, endorsing, participating in, or failing to prevent employment practices that they knew or should have known are unlawful, discriminatory and/or retaliatory employment practices based on a workmen's compensation settlement/disability.

39. As a direct and proximate result of Americold's reckless, extreme and outrageous conduct, Plaintiff has suffered severe economic and non-pecuniary damages, as more thoroughly set out below.

## PUNITIVE DAMAGES

40. As a proximate and/or producing result of Americold's intentional acts, negligence, gross negligence, and/or recklessness, Plaintiff Godsill has suffered injuries and damages.

_____
**COMPLAINT AND DEMAND FOR JURY TRIAL – 6**

41.     The conduct of defendant, as set out further above, was extreme, oppressive, fraudulent, wanton, malicious, and outrageous, and justifies an award of punitive damages in favor of Plaintiff in this matter.

## ATTORNEY'S FEES

As a further direct and proximate result of each Americold's actions or omissions, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, costs, expert witness feeds, and attorney's fees, which Americold should be required to pay under 42 U.S.C. § 2000(2)-(k)(5); 42 U.S.C. § 1899; and Idaho Code §§ 12-120, 12-121.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For a judgment in favor of Plaintiff on each of his causes of action herein;

2. For an award of all wages and benefits that Plaintiff would have received but for the conduct of Defendant, including, but not limited to, back pay, front pay, future recurring losses, lost benefits, and interest as allowed by law;

3. For an award of all general damages justly due for pain, suffering, and inconvenience, as set forth herein;

4. For an award of punitive damages against Defendant as allowed by law;

5. For an award of attorney's fees, costs, and other expenses incurred by Plaintiff in connection with this matter;

6. For such other and future relief as the Court deems just and equitable.

/

/

_____
**COMPLAINT AND DEMAND FOR JURY TRIAL – 7**

## DEMAND FOR JURY TRIAL

Plaintiff Godsill hereby demands a trial by a jury of at least twelve (12) members on all issues in the above-entitled matter pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 27th day of February, 2018

                                                        LITSTER FROST INJURY LAWYERS

                                                        ____\s\ Nathan R. Starnes_____
                                                        NATHAN R. STARNES
                                                        Attorney for Plaintiff