UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT MATTHEW GODSILL, individually,<br><br>              Plaintiff,<br><br>   v.<br><br>AMERICOLD REALTY TRUST, an Oregon Corporation; and AMERICOLD LOGISTICS, LLC, a Delaware Limited Liability Company,<br><br>              Defendants. | Case No. 1:18-cv-00093-BLW<br><br>**MEMORANDUM DECISION RE JURISDICTION and**<br>**CASE MANAGEMENT ORDER**<br>**TRACK: (Standard)** |

## BACKGROUND

On June 4, 2018, the Court conducted a scheduling conference in this case. During the conference, the Court questioned whether plaintiff had adequately alleged jurisdiction, as there did not appear to be a federal claim, and plaintiff had not alleged sufficient facts for the Court to determine if diversity jurisdiction existed. Plaintiff agreed to file an amended complaint to address these concerns. Plaintiff filed his amended complaint on June 18, 2018. For the reasons explained below, the Court has determined that it has jurisdiction of this case and will therefore enter a Case Management Order.

# DECISION REGARDING JURISDICTION

The amended complaint alleges that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. *See Amended Compl.*, Dkt. 18, ¶ 5. But the plaintiff still has not alleged sufficient facts to establish diversity jurisdiction. The problems are:

(1) Plaintiff has sued Americold Realty Trust, which is identified as "an Oregon corporation." *See id.* ¶ 2. Plaintiff does not allege where Americold Realty Trust has its principal place of business. For diversity purposes, a corporation may have dual citizenship: "A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated *and* the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (emphasis added). Thus, plaintiff should have alleged where Americold Realty Trust's principal place of business is.

(2) The next problem relates to the second named defendant, "Americold Logistics, LLC." Plaintiff alleges that this defendant is a "Delaware limited liability company organized under the laws of the State of Delaware and authorized to transact business in the State of Idaho." *Am. Compl.*, Dkt. 18 at 3. Plaintiff has not alleged the citizenship of the members of this entity. Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see generally* O'Connell & Stevenson, *Rutter Group Prac. Guide: Federal Civil Procedure Before Trial* ¶ 2:1372 (2017).

Given these deficiencies, the Court cannot determine if diversity jurisdiction exists, so it will decline to accept jurisdiction on that basis. *See generally Americold Realty Trust v. Conagra Foods*, 136 S. Ct. 1012 (2016) (because no record of plaintiff Americold Realty Trust's shareholder's citizenship existed, diversity jurisdiction was not established). The Court notes, however, that the amended complaint alleges a new federal claim: "Discrimination in Violation of Title I of the Americans with Disabilities Act." *See Am. Compl.*, Dkt. 18, at 4-5. Perplexingly, however, in his "Jurisdiction and Venue" allegations, the plaintiff does not allege that he is seeking to invoke federal-question jurisdiction under 28 U.S.C. § 1331; he cites only to the diversity jurisdiction statute – 28 U.S.C. § 1332.

Under these circumstances, the Court will accept jurisdiction of the complaint under 28 U.S.C. § 1331. The Court has federal-question jurisdiction of the ADA claim, and it will accept supplemental jurisdiction of the remaining claims. *See* 28 U.S.C. § 1367(a). The parties should be aware, however, that if the Court dismisses the ADA claim, it has discretion to decline to continue to exercise supplemental jurisdiction over the remaining state-law claims, given that plaintiff has not established diversity jurisdiction. *See* 28 U.S.C. § 1367(c).

## CASE MANAGEMENT ORDER

Having satisfied itself that jurisdiction exists, the Court will enter a Case Management Order. Accordingly,

**IT IS ORDERED** that the following recitation of deadlines and procedures will govern this litigation:

1. Dispositive Motion Deadline: All dispositive motions, including motions for punitive damages, must be filed by **April 26, 2019**.[1]

2. Amendment of Pleadings and Joinder of Parties: Motions to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **October 4, 2018**. This deadline will only be extended for good cause shown.[2]

3. Alternative Dispute Resolution: ADR must be held by **March 29, 2019**. The parties are directed to contact Wendy Messuri at (208) 334-9327, to schedule the conference.

4. Discovery Plan: All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, and the parties' joint discovery plan which is incorporated herein by reference.

   a. Pursuant to Fed. R. Evid. 502(d), and Section VIII(a) of the parties' stipulated discovery plan, it is hereby ORDERED that production of a

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

5. <u>Completion of Fact Discovery</u>:  All fact discovery must be completed by **March 29, 2019**. This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.

6. <u>Disclosure of Experts</u>:

    a. The **Plaintiff** must disclose the experts intended to be called at trial on or before **January 28, 2019**.

    b. The **Defendant** must disclose the experts intended to be called at trial on or before **February 27, 2019**.

    c. **Plaintiff's** rebuttal experts must be identified on or before **March 13, 2019**.

    d. **ALL** discovery relevant to experts must be completed by: **March 29, 2019**

7. <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel must contact courtroom deputy **Jamie Bracke** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

8. <u>Law Clerk</u>: The law clerk assigned to this case is **Marci Smith**, and may be reached at (208) 334-9088.

9. <u>Discovery Disputes</u>:

   a. The I will **<u>not</u>** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

   b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

   c. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Ms. Smith, the law clerk assigned to this case, and shall provide her with a brief written summary of the dispute and the parties' respective positions. Ms. Smith may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

d. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

10. The Court will conduct **telephonic status conferences** with the parties. The Court will set those status conferences in a separate notice.

11. <u>Calendaring Clerk</u>:  Scheduling matters and calendar issues may be directed to **Jamie Bracke**, who may be reached at (208) 334-9021. If reassigned, consult Judge's web page for staff directory.

12. <u>Docketing Clerk</u>: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: October 2, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge